JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Plaintiffs-appellants Bruce Gehring and John Doe appeal the judgment of the Hamilton County Court of Common Pleas dismissing their causes of action against defendants-appellees Archdiocese of Cincinnati and Archbishop Daniel Pilarczyk (collectively, "the Archdiocese"). For the following reasons, we affirm.
Gehring and Doe are former students at Annunciation Elementary School who allege that Father Albert Schetter, now deceased, sexually molested them at various times between 1958 and 1960, when he was employed as a priest by the Archdiocese. Gehring, the youngest student, reached the age of majority in 1966. Almost 35 years later, in November 2003, Gehring and Doe sued the Archdiocese, asserting causes of action for assault and battery, negligence, intentional infliction of emotional distress, negligent hiring or supervision, breach of fiduciary duty, punitive damages, and a violation of R.C. 2923.32, Ohio's civil RICO statute.
In their complaint, Gehring and Doe allege that they, as well as Gehring's mother, had reported the abuse to a representative of the Archdiocese in 1962 and were told that Schetter had been "taken care of" and had been sent to Arizona for "treatment." Gehring and Doe do not allege that the Archdiocese had been aware of Schetter's sexual misconduct prior to 1962. But they do allege that it was not until November 2003, with the widespread reporting of sexual abuse in the Roman Catholic Church, that they became aware of facts supporting their claims against the Archdiocese.
The Archdiocese moved to dismiss the complaints under Civ. R. 12(B)(6). The trial court granted the motion, holding that the causes of action were time-barred by the applicable statutes of limitation. Gehring and Doe now appeal, bringing forth five assignments of error.
In their first assignment of error, Gehring and Doe maintain that the trial court erred by failing to apply R.C. 2305.15(A) to toll the applicable statutes of limitation. R.C. 2305.15(A) provides that "[w]hen a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals [him]self, the period of limitation for the commencement of the action * * * does not begin to run * * * while the person is so absconded or concealed." Gehring and Doe argue that the Archdiocese concealed its participation in the cover-up of Schetter's sexual abuse and, thus, that the applicable statute of limitations should have been tolled. But R.C. 2305.15(A) refers to concealment by the defendant of his own whereabouts, not to the defendant's involvement in an incident giving rise to the litigation.[1] Here, Gehring and Doe knew that Schetter was employed by the Archdiocese, and they obviously knew the whereabouts of the Archdiocese because they had reported the abuse. Thus, R.C. 2305.15(A) did not toll the statute of limitations simply because Gehring and Doe were unaware that the Archdiocese may have been involved in a conspiracy to conceal the sexual misconduct of its employees. The first assignment of error is overruled.
In their second and third assignments of error, Gehring and Doe argue that the trial court erred by dismissing their complaint for failure to state a claim and by not allowing them to conduct discovery, "which would have revealed facts supporting the application of the [d]iscovery [r]ule to toll the statute of limitations." In the fourth and fifth assignments of error, they contend that the trial court erred in dismissing their claims based on negligent hiring, retention, or supervision and their claim under Ohio's civil RICO statute, when they alleged that the Archdiocese's wrongful conduct did not terminate until November 2003. We have previously addressed and rejected similar assignments of error in related cases involving different priests, where the plaintiffs sued the Archdiocese and asserted similar causes of action. Accordingly, we overrule the second, third, fourth and fifth assignments of error on the authority ofCramer v. Archdiocese of Cincinnati[2] and Doe v.Archdiocese of Cincinnati.[3]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See Johnson v. Owens (July 12, 1981), 5th Dist. No. 81-CA-07.
[2] 158 Ohio App.3d 110, 2004-Ohio-3891, 814 N.E.2d 97.
[3] (Dec. 23, 2004), 1st Dist. Nos. C-030900, C-030949, C-030950 and C-040072.